## M. D. COOKENDOLPHER, ET AL., *v.* PERRY D. RUSH.

**Purchaser of Real Estate—Duty to Protect Title.**

> It is the duty of a purchaser, in possession of real estate, who bought with notice of an attachment lien, when he holds money due his grantor, to protect his title and possession by using so much of the money then due his grantor as was necessary to satisfy such attachment lien.

### APPEAL FROM PENDLETON CHANCERY COURT.

June 20, 1877.

OPINION BY JUDGE LINDSAY:

Hathaway was notified of the attachment lien of Cookendolpher when he purchased from Rush. He had full knowledge of the judgment of sale rendered in favor of Cookendolpher, and there is nothing in the record to show that he did not have actual notice of the day of sale. He at that time owed Rush on the purchase price of the land $300, which was due. He was in possession and held under a deed containing covenants of general warranty. It was his duty to protect his title and possession by using so much of the money then actually due to Rush as was necessary in the satisfaction of Cookendolpher's judgment. He could not in good conscience keep the money of Rush in his pocket and stand by and see the land sacrificed for abut one-eighth of its value.

Besides this, there is proof tending to show that he agreed with Mrs. Rush that he would allow the sale and bid in the land. He is charged with collusion with Cookendolpher, and the circumstances of the case give color to the charge, and yet he fails to offer himself as a witness to explain these circumstances.

The judgment of the chancellor is manifestly right and it must be *affirmed*.

*C. H. Lee, for appellants.   Clarke, for appellee.*